IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARNEST SCOTT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:23-cv-315 |
| ) | Judge Stephanie L. Haines |
| PENNSYLVANIA DEPARTMENT ) | Magistrate Judge Keith A. Pesto |
| OF CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

Presently before the Court is a complaint in civil action under 42 U.S.C. § 1983 filed *pro se* by Earnest Scott (aka Ernest Scott) ("Plaintiff") (ECF No. 1). Plaintiff filed his Complaint without a Motion for Informa Pauperis or payment of filing fee. He later filed a Motion for Leave to Proceed in forma pauperis (ECF No. 3). This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Judge Pesto ordered an Administrative Closing of the case on April 9, 2024 (ECF No. 6), stating that because Plaintiff is a three strikes litigant,[1] he must pay the filing fee or convince the Court that he was "under imminent danger of serious physical injury when he filed the complaint."

On May 31, 2024, Plaintiff filed a Show Cause Motion of Imminent Danger and a *Nunc Pro Tunc* Motion for Reconsideration of the closing of the case (ECF No. 7). Judge Pesto issued

---

[1] Prison Litigation Reform Act's three strikes provision. 28 U.S.C. § 1915(g).
"**(g)** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
28 U.S.C.A. § 1915 (West)

1

a Report and Recommendation on June 4, 2024 (ECF No. 8), finding Plaintiff's pleading of "imminent danger of serious physical injury" to be insufficient to support an *informa pauperis* filing and dismissed the case without prejudice to Plaintiff filing the full fee. Plaintiff was advised he had fourteen days to object to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed timely Objections (ECF No. 10). Plaintiff first objected to the denial of *informa pauperis* citing an exhibit that was mis-labelled.[2] Second, Plaintiff argued that he was in "imminent danger" of serious physical injury because corrections defendants retaliated against him by changing his mental health status without an evaluation.

Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Brown v. Lyons*, 977 F. Supp. 2d 475, 480 (E.D. Pa. 2013). The *Brown* Court listed examples of insufficient claims of "imminent danger." *See id.* at 483-84 (The Court denied imminent danger of serious injury "because of Defendants' practice of interfering with doctors' orders and medical examinations, because Defendants have refused to treat a litany of medical complaints, ranging from stomach pain to cold feet, because prison doctors have prescribed medication that is toxic/harmful to his preexisting diseases/illnesses, because of punitive diets designed to cause malnutrition, and because of the general physical and psychological abuse/torture he claims to have been subjected to." (internal quotations omitted)). "Those claims amount to, at best, 'vague and utterly conclusory' assertions, and thus do not provide a basis for IFP status." *Id.* at 484. This Court finds Plaintiff's claim of imminent danger because of a change in his mental health status is too vague or conclusory to provide a basis for *informa pauperis* status.

---

[2] Plaintiff falsely stated that Exhibit A was a copy of an order granting Plaintiff *informa pauperis* status. Neither Exhibit A nor B supported Plaintiff's arguments.

Upon review of the record and the Report and Recommendation (ECF No. 8) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Plaintiff failed to pay the required filing fee.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 21st day of October 2024, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 8) is adopted as the Opinion of the Court; and

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

IT IS FURTHER ORDERED that Plaintiff must post the filing fee on or before November 21, 2024. If Plaintiff fails to pay the filing fee in full in the time specified, the Complaint may be dismissed with prejudice.

Stephanie L. Haines
United States District Judge